IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| GARY L. WILSON, | ) | |
| :--- | :--- | :--- |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-0380 |
| | ) | Magistrate Judge Cynthia Reed Eddy |
| CONSOL ENERGY, INC., | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gary L. Wilson filed a "small claims" complaint for $9,000 against CONSOL Energy, Inc., in Magisterial District 14-3-06, Court of Common Pleas of Fayette County, Pennsylvania. In its entirety, this Complaint states:

> Plaintiff was employed by Defendant and is a participant in the CONSOL Energy, Inc., Employee Retirement Plan. Although he received retirement benefits from the Defendant, he is still owed retirement benefits in the sum of $9,000.00 for April 2009 together with interest, costs and legal fees. Despite repeated requests, the Defendant has refused to pay the Plaintiff.

Complaint, [ECF No. 1-2], at 4.

Defendant filed a timely Notice of Removal on March 27, 2012, on the grounds that the CONSOL Employee Retirement Plan is an "Employee Pension Benefit Plan" as that term is defined by Section 3(2)(A) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002(2)(A), and that Plaintiff's claim is therefore completely preempted by section 514(a) of ERISA, 29 U.S.C. § 1144(a), which preempts any state law relating to, inter alia, an "Employee Pension Benefit Plan." Notice of Removal, [ECF No. 1], ¶¶ 2, 5.

CONSOL then filed a Motion to Dismiss [ECF No. 2] pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, on the basis that Plaintiff has failed to allege facts

1

sufficient to establish a plausible entitlement to recovery, as required by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 554 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Plaintiff filed his response to the Motion to Dismiss [ECF No. 5], and a Motion to Remand to state court [ECF No. 4] which, Plaintiff asserts, has concurrent jurisdiction pursuant to the terms of the CONSOL Energy, Inc., Employee Retirement Plan. That Plan states, in relevant part, that a claimant denied benefits "may file suit in state or federal court." Motion to Remand [ECF No. 4], at ¶ 5. CONSOL then replied [ECF 14] to the Plaintiff's response to the Motion to Dismiss and also filed a Response in Opposition [ECF 16] to the Plaintiff's Motion to Remand.

**Motion to Remand [ECF No. 4]**

Any state-law cause of action that duplicates, supplements, or supplants ERISA civil enforcement remedies conflicts with clear congressional intent to make ERISA remedies exclusive, and is therefore pre-empted by section 502(a) of ERISA, 29 U.S.C.A. § 1132(a). Aetna Health Inc. v. Davila, 542 U.S. 200, 208-09 (2004). Language in an employee retirement plan that a participant or beneficiary has "a right to file suit in a federal or a state court" is not a freely-negotiated forum selection clause, but rather is a required disclosure under ERISA, as codified in 29 C.F.R. § 2520.102-3, and under these circumstances, "courts have held that a defendant plan which includes the mandated language has not waived its right to remove to federal court an action arising under section 502(a)." Gaetti v. W. Pennsylvania Teamsters & Emp'r Welfare Fund, 2007 WL 3072264, *3 (W.D.Pa. 2007) (citing Cruthis v. Metro. Life Ins. Co., 356 F.3d 816, 819 (7th Cir. 2004) (reversing decision of district court denying remand)) (Ambrose, C.J.; additional citations omitted). Similarly, the fact that ERISA itself provides for concurrent jurisdiction is not grounds for remand of a properly removed case. Id. (Congress'

2

grant of concurrent jurisdiction to state and federal courts to decide cases brought under ERISA is not grounds for remand) (citations omitted).

Therefore, Plaintiff's Motion to Remand [ECF No. 4] is DENIED.

**Motion to Dismiss [ECF No. 2]**

Plaintiff's Response to Motion to Dismiss [ECF No. 5] is as bereft of necessary facts as was his complaint, which, as CONSOL correctly argues, does not aver sufficient facts to survive Twombley/ Iqbal scrutiny. However, Plaintiff must be given an opportunity to flesh out his claims by filing an Amended Complaint, especially since small claims complaints in magisterial courts in Pennsylvania are not elaborate pleadings, but rather, are informal complaints meant to move quickly to hearing and resolution. Accordingly,

Defendant's Motion to Dismiss [ECF No. 2] is GRANTED, without prejudice to Plaintiff filing an Amended Complaint on or before May 25, 2012.

*Cynthia Reed Eddy*
CYNTHIA REED EDDY
UNITED STATES MAGISTRATE JUDGE

cc: all ECF registered counsel

3